IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN S. EPPERSON, | § | |
| | § | |
| Defendant Below, | § | No. 155, 2023 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 9408009291 |
| | § | |
| Appellee. | § | |

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

This 8th day of June 2023, it appears to the Court that:

(1)     The appellant, Kevin S. Epperson, filed this appeal from a Superior Court order denying a successive motion for postconviction relief.  On May 12, 2023, the Court denied Epperson's motion to proceed *in forma pauperis* in which Epperson stated that he has not previously moved to proceed *in forma pauperis* in this Court.  In fact, Epperson has so moved on multiple occasions, and this Court has repeatedly found Epperson's filings to be frivolous and an abuse of the judicial process.[1]  The Court has previously enjoined Epperson from filing appeals without

---

[1] *See, e.g.*, *Epperson v. State*, 2016 WL 889556 (Del. Mar. 8, 2016) ("[W]e find it manifest that the claims raised by Epperson are procedurally barred and frivolous.  Epperson has filed twenty-one motions for postconviction relief and now seeks to repackage his postconviction claims in an application for a writ of prohibition.  His repetitive filings constitute an abuse of judicial process.");

first obtaining leave of the Court.[2]  In the May 12, 2023 order denying Epperson's motion to proceed *in forma pauperis*, the Court ordered Epperson to pay the required filing fee by May 26, 2023, or this appeal would be dismissed without further notice.

(2)     Epperson has not paid the filing fee as required by this Court's May 12, 2023 order.  Instead, on May 19, 2023, Epperson filed another motion to proceed *in forma pauperis* and a document entitled "Affidavit" in which he makes the certifications set forth in 10 *Del. C.* § 8803(e), including that the claim he seeks to raise has "never been raised or disposed of before in any court" and that he "has no reason to believe the claims are foreclosed by controll[ing] law."[3]  Epperson's claim is that the Superior Court erred by using the term "victim" in the jury instructions. We find it clear that Epperson's claim is foreclosed by the procedural bars of

*Epperson v. State*, 2017 WL 4791099 (Del. Oct. 23, 2017) ("[W]e find it clear that the claim Epperson seeks to raise is procedurally barred and frivolous.  His appeal is not approved for filing."); *Epperson v. State*, 2015 WL 667539 (Del. Feb. 12, 2015) (summarily dismissing appeal from denial of twenty-first motion for postconviction relief, and stating that Epperson's claim was procedurally barred and frivolous); *Epperson v. State*, 2014 WL 7009985 (Del. Nov. 17, 2014) (summarily dismissing denial of twentieth motion for postconviction relief); *Epperson v. State*, 2012 WL 927092 (Del. Mar. 19, 2012) (dismissing appeal from denial of seventeenth motion for postconviction relief); *Epperson v. State*, 2006 WL 1547975 (Del. June 5, 2006) (stating that appeal was frivolous and constituted an abuse of the judicial process).

[2] *See Epperson*, 2006 WL 1547975 (in appeal from eighth motion for postconviction relief, stating that Epperson's repetitive filings were frivolous and constituted an abuse of the judicial process, and enjoining Epperson from filing future claims in this Court without first obtaining leave of the Court and filing a motion to proceed *in forma pauperis* in compliance with 10 *Del. C.* § 8803).

[3] 10 *Del. C.* § 8803(e).

Superior Court Criminal Rule 61.[4]  Epperson's Section 8803(e) certifications are false, and the appeal is dismissed.[5]

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED.  The motion for appointment of counsel is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] DEL. SUPER. CT. R. CRIM. PROC. 61(d)(2).

[5] *Epperson*, 2006 WL 1547975; *see also Epperson*, 2017 WL 4791099 (concluding that the claim Epperson sought to raise was procedurally barred and frivolous, and therefore striking Epperson's appeal papers and summarily dismissing the appeal upon consideration of the Court's 2006 order enjoining Epperson from filing without leave of the Court).